**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **BRIAN SMITH, individually, MICHAEL ILARDO, individually, and on behalf of all others similarly situated,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**LIFEVANTAGE CORPORATION, a corporation, and DARREN JENSEN, and individual,**<br><br>    **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:18-cv-00621-DBB-PMW**<br><br>**District Judge David Barlow**<br><br>**Chief Magistrate Judge Paul M. Warner** |

This case was referred to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Lifevantage Corporation and Darren Jensen's (together "Defendants") motion to limit pre-certification discovery.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(f). For the reasons stated below, Defendant's motion is denied.

---

[1] *See* ECF Nos. 90, 111.

[2] *See* ECF No. 120.

**BACKGROUND**[3]

Plaintiffs Brian Smith and Michael Ilardo (together "Plaintiffs") filed this putative securities fraud class action lawsuit against Defendants on January 24, 2018, in the United States District Court for the District of Connecticut. Plaintiffs allege that Defendants structured their multi-level marketing ("MLM") company as a pyramid scheme and that Defendants are selling their product through fraudulent means. As part of the scheme, recruited Distributors paid for the right to receive compensation that was dependent on the recruitment of additional participants in the scheme rather than on legitimate retail sales. Plaintiffs also allege that Defendants hired professional marketers to pose as success stories to convince potential recruits that they could attain great financial rewards that were highly unlikely. Plaintiffs also allege that Defendants made improper health claims for an unregulated supplement and misrepresented the scope of their patents. Plaintiffs allege violations of Section 10(b) of the Securities Exchange Act, violations of the Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, violations of 15 U.S.C. §§ 77(a)(1), (2), and unjust enrichment.

By agreement the case was transferred to the District of Utah on August 6, 2018. Plaintiffs filed their second amended class action complaint on December 19, 2019, after the court granted in part and denied in part Defendants' motion to dismiss the first amended complaint. In response, Defendants filed a partial motion to dismiss the second amended complaint that is currently pending. Defendants also filed the present motion which asks the

---

[3] The background facts are drawn from the parties' briefs, unless noted otherwise.

court to bifurcate discovery into class certification and merits-based discovery and to impose a stay of discovery on merits-based discovery until the issue of class certification is resolved.

## **DISCUSSION**

Defendants claim that bifurcation will promote the early and efficient resolution of class issues contemplated by Federal Rule of Civil Procedure 23. Defendants argue that bifurcation is appropriate because the threshold class issues are severable from merit issues; bifurcation will promote judicial economy and avoid potential waste; and bifurcation will expedite the court's ruling on threshold issues. Plaintiffs disagree with the proposed bifurcation of class and merits discovery because there is no practical way to separate class versus merits-based discovery in this case; and the practical effect of bifurcation will lengthen and complicate rather than simplify this litigation. Instead, Plaintiffs propose a discovery plan that allows for early class certification while avoiding the delays and complications that permeate bifurcated cases.

In *Wal-Mart Stores, Inc. v. Dukes*, the United States Supreme Court instructed "class certification is proper only if the trial court is satisfied, after a rigorous analysis, that the pre-requisites of Rule 23(a) have been satisfied." 565 U.S. 338, 350-51 (2011) (citation omitted). Frequently, the class determination "involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id*. at 351 (quotation and citation omitted). For this reason, "courts are reluctant to bifurcate class-related discovery from discovery on the merits." *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012). This is because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst. *See Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327–28 (N.D. Ill. 2017) (observing that bifurcation "may give rise to disputes over whether

a particular discovery request relates to the merits or to class certification"); *Munoz v. PHH Corp.*, No. 1:08-CV-0759-DAD-BAM, 2016 WL 10077139, *4 (E.D. Cal. 2016) ("Courts have repeatedly acknowledged that there is no clear-cut division between discovery that relates to class certification and discovery that relates to the merits."). Additionally, "[t]he decision to bifurcate discovery in putative class actions prior to certification is committed to the discretion of the trial court." *True Health Chiropractic Inc.*, No. 13-CV-02219-JST, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015); *see also Crawford-El v. Britton*, 523 U.S. 574, 598-99 (1998) (stating that district courts has broad discretion to control discovery and to dictate the sequence of discovery).

For the following reasons, the court finds bifurcation of discovery in this case to be inappropriate. Discovery relating to class certification is closely intertwined with merits discovery. To certify the class, Plaintiffs must establish that "the questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). To satisfy the predominance requirement, Plaintiffs must secure evidence concerning what the class of distributors did, what representations were made to them, and how the information was disseminated. These questions overlap with questions regarding the scope and operation of the alleged pyramid scheme and fraud, such as how the scheme operated, what Defendants planned, to whom the scheme directed towards, what the Defendants knew, and when the Defendants knew it.

Additionally, Plaintiffs outline, in detail, eleven categories of discovery where class certification and merit-based inquiries intertwine and would be impractical to separate. The court

agrees with Plaintiffs assessment. Because of this overlap, if the court were to bifurcate discovery, it would likely be forced to spend time and resources resolving endless discovery disputes over what is merit discovery and what is class discovery. Bifurcation, therefore, would be inefficient and unworkable.

## ORDER

For the foregoing reasons, Defendants' motion to limit pre-certification discovery[4] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 15th day of April, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[4] *See* ECF No. 120.